UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TRINA JONES** and
**RICARDO RODRIGUEZ**,

    Plaintiffs,

    v.                                              Case No. 23-CV-926-SCD

**HEARTLAND ALLIANCE**,

    Defendant.

## DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Without the assistance of counsel, Trina Jones and Ricardo Rodriguez filed a complaint alleging that Heartland Alliance failed to remedy a bedbug infestation at their Milwaukee home. *See* ECF No. 1. The matter was randomly assigned to this court, and all parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 4, 5, 16. The court subsequently granted Heartland Alliance's motion to dismiss the complaint and gave the plaintiffs time to file an amended complaint. *See* ECF No. 22. When the plaintiffs failed to file an amended complaint by that deadline, the court issued a notice indicating that the case would be dismissed if they didn't file an amended complaint by January 25, 2024. *See* ECF No. 23. Both the order granting the motion to dismiss and the notice were returned to the court as undeliverable to Rodriguez. *See* ECF No. 24. The court attempted, but was unable, to confirm that Jones received those documents. Given the mailing issues, the court held off on dismissing the case at that time.

On March 19, 2024, Heartland Alliance moved to dismiss the action under Rule 41(b) of the Federal Rules of Civil Procedure. *See* ECF No. 25. Rule 41(b) provides that a defendant

may move to dismiss an action if the plaintiff fails to prosecute or to comply with the Federal Rules or a court order. Heartland Alliance argues that the plaintiffs' failure to file an amended complaint by the extended deadline justifies dismissal under Rule 41(b). Jones responded to the motion, asserting that she didn't know she had to file an amended complaint because she recently moved and (presumably) didn't receive the court's prior orders. *See* ECF No. 26. Jones also asked the court not to dismiss the case and, on April 23, 2024, the plaintiffs filed an amended complaint, *see* ECF No. 27.

The court must liberally construe the plaintiffs' filings. *See Otis v. Demarasse*, 886 F.3d 639, 644 (7th Cir. 2018) ("The Supreme Court has cautioned that any 'document filed *pro se* is to be liberally construed.'") (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Applying that mandate, the court construes Jones' response to the motion to dismiss as a request for more time to file an amended complaint. "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Courts have wide latitude to assess excusable neglect." *Walton v. Trzebiatowski*, No. 23-2571, 2024 WL 1270428, 2024 U.S. App. LEXIS 7062, at *4 (7th Cir. Mar. 26, 2024) (internal quotation marks and citations omitted). "The relevant factors are the extent of, the reason for, and any prejudice from a delay, as well as the movant's good faith." *Id.* (citing *Sherman v. Quinn*, 668 F.3d 421, 425–26 (7th Cir. 2012)).

The plaintiffs have demonstrated excusable neglect for their failure to timely file an amended complaint. Their reason for not filing the amended complaint on time is simple: they didn't know they had to file an amended complaint because they never received the orders telling them to do so. The fact that the court's prior orders were returned as

undeliverable to Rodriguez supports this explanation. So too does the fact that Jones recently moved, as the court's orders likely got lost in the mail or during the move. *See Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 134 (7th Cir. 1996) (listing lost mail as a circumstance that would constitute excusable neglect). Moreover, the delay was not overly long. The plaintiffs filed the amended complaint within a few weeks of learning they had to submit one. Heartland Alliance also has not suffered substantial prejudice. Finally, there is no evidence of bad faith by the plaintiffs. Having found the requirements of Rule 6(b)(1)(B) satisfied, the court extends the plaintiffs' deadline for filing an amended complaint to April 23, 2024. In other words, the court accepts the amended complaint as timely filed.

Because the plaintiffs have a good reason for not complying with the court's previous orders, the court **DENIES** the defendant's motion to dismiss, ECF No. 25. Heartland Alliance shall respond to the amended complaint within twenty-one days. The court notes that at first glance the amended complaint appears to address the problems identified in the court's dismissal order. For example, the plaintiffs generally allege that they became aware of the bed bugs shortly after Jones moved into the apartment in 2020 and that Heartland Alliance was aware of the issue prior to then. That initial impression, however, does not preclude Heartland Alliance from challenging the sufficiency of the amended complaint.[1]

**SO ORDERED** this 24th day of June, 2024.

*Stephen C. Dries*
STEPHEN C. DRIES
United States Magistrate Judge

---

[1] We haven't heard much from Rodriguez. He didn't respond to the motion to dismiss, and he didn't sign the amended complaint. The court will attempt to contact Rodriguez to see if he still wants to pursue this action.