UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TRINA JONES** and
**RICARDO RODRIGUEZ,**

    **Plaintiffs,**

    v.                                              Case No. 23-CV-926-SCD

**HEARTLAND ALLIANCE,**

    **Defendant.**

### DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S SECOND MOTION TO DISMISS

        In July 2023, Trina Jones and Ricardo Rodriguez filed a complaint (without the assistance of counsel) alleging that Heartland Alliance failed to remedy a bedbug infestation at the Milwaukee apartment building where they both lived. *See* ECF No. 1. The matter was randomly assigned to this court, and all parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 4, 5, 16. In November 2023, the court granted Heartland Alliance's motion to dismiss the complaint, finding that the plaintiffs' allegations did not cross the line from possibility to plausibility. *See* ECF No. 22. Specifically, I noted that the plaintiffs failed to allege when they discovered the alleged infestation and whether or when they notified anyone at Heartland Alliance about the problem. *Id.* at 3. I also noted that there's no private cause of action under Wis. Stat. § 704.07, the only state law cited in the plaintiffs' complaint. *Id.* (citing *Raymaker v. Am. Family Mut. Ins. Co.*, 2006 WI App 117, ¶ 32, 718 N.W.2d 154, 161–62). I gave the plaintiffs time to file an amended complaint.

After several procedural snafus, the plaintiffs finally filed an amended complaint in April 2024. *See* ECF No. 27.[1] The amended complaint alleges that Heartland Alliance owned the Capuchin Apartments where Jones and Rodriguez lived from around 2020 to 2023. *Id.* at 3. It further alleges that, prior to Jones moving into Apartment 210, Heartland Alliance knew there was a bedbug infestation in the building. *See id.* at 3–4. Jones says she purchased three new beds when she moved in, but she had to throw them all away because they were infested with bedbugs. *Id.* at 4. The amended complaint also alleges that Jones and Rodriguez were severely bitten. It again cites § 704.07, claiming that Heartland Alliance violated its duty to provide a habitable place to live. Finally, the amended complaint alleges that the plaintiffs' case managers can substantiate their claims, that the infestation persisted for over two years without any action by Heartland Alliance, and that the plaintiffs have other evidence documenting the infestation. The plaintiffs assert that they are suing under state law and that the court has subject matter jurisdiction over the action under 28 U.S.C. 1332, because the plaintiffs both are Wisconsin citizens, Heartland Alliance is an Illinois citizen, and the amount of money at stake is $100,000 (not counting interest and costs). *See id.* at 1–2, 6.

Heartland Alliance has moved to dismiss the amended complaint. *See* ECF No. 29. Jones responded to the motion to dismiss, *see* ECF No. 31, but Rodriguez did not. In fact, the court hasn't heard from Rodriguez since the case was filed back in July 2023. He hasn't responded to Heartland Alliance's motions, he didn't sign the amended complaint, and filings mailed to him have been returned as undeliverable. The court also attempted to contact Rodriguez at the phone number he provided, but no one answered and the voicemailbox was

---

[1] Or at least Jones did; while Rodriguez is still listed as a plaintiff in the caption of the amended complaint, Jones is the only one who provided her address or signed the document. *See* ECF No. 27 at 1–2, 6.

full. Given these circumstances, the court infers that Rodriguez no longer wants to prosecute this action. *See* Fed. R. Civ. P. 41(b); E.D. Wis. Civ. L. R. 41(c).

As for Jones, Heartland Alliance argues that the amended complaint should be dismissed with prejudice because she has failed to identify any cause of action that supports her allegations aside from § 704.07, which cannot form the basis for recovery in this case. *See* ECF No. 32. I disagree. Although Jones did cite that statute in her amended complaint and in response to the motion to dismiss, she also explicitly asserts that Heartland Alliance was negligent. *See* ECF No. 31 at 1–2. And the allegations in the amended complaint are consistent with that theory of liability. Specifically, Jones alleges that Heartland Alliance, the owner of the apartment building, knew about the bedbug infestation when Jones moved in around 2020, that Heartland Alliance failed to remedy the situation, and that Jones suffered both physical and financial harm as a result of the bedbugs. Those allegations sufficiently state a plausible claim to relief. *See, e.g.*, *Mathias v. Accor Econ. Lodging, Inc.*, 347 F.3d 672 (7th Cir. 2003) (affirming a punitive damages award in favor of plaintiffs on their bedbug infestation claim against a motel under a state law theory of recovery); *Macias v. Mt. Olympus Resorts, Inc.*, No. 18-cv-358-wmc, 2019 U.S. Dist. LEXIS 43542 (W.D. Wis. Mar. 18, 2019) (finding subject matter jurisdiction not lacking in a case involving negligence and private nuisance claims against a hotel for a bedbug infestation). Moreover, Jones didn't need to identify any legal theories in her amended complaint. *See Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011) ("A complaint need not identify legal theories, and specifying an incorrect theory is not a fatal error.").

In her response, Jones also asks for "one chance to seek counsel." ECF No. 31 at 4. Jones may seek counsel on her own. To the extent she is asking the court to recruit counsel to

3

represent her for free, I will deny her request without prejudice because Jones has not shown any attempts to secure counsel on her own or argued that she has been precluded from doing so. *See Watts v. Kidman*, 42 F.4th 755, 760 (7th Cir. 2022) (explaining that, to obtain a free lawyer, the plaintiff must demonstrate that (1) she is unable to afford counsel, (2) she has made a reasonable attempt to obtain counsel or been effectively precluded from doing so, and (3) she is unable to competently litigate the case herself, given its complexity).

Accordingly, for all the foregoing reasons, the court **GRANTS in part and DENIES in part** the defendant's second motion to dismiss, ECF No. 29. The court **DISMISSES with prejudice** the claim(s) asserted by plaintiff Ricardo Rodriguez but allows the case to proceed with respect to Trina Jones.

**SO ORDERED** this 4th day of September, 2024.

*[signature]*
STEPHEN C. DRIES
United States Magistrate Judge